CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 26, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOEL AARON BURRELL, ) | |
|    Plaintiff, ) | Civil Action No. 7:24-cv-00900 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| JANE DOE, *et al.*, ) |    Chief United States District Judge |
|    Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joel Aaron Burrell, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging claims related to his incarceration at River North Correctional Center and Keen Mountain Correctional Center. (*See* Compl., Dkt. No. 1.) Burrell has filed two motions for a preliminary injunction. (Dkt. Nos. 2, 15.) Defendants have responded to the motions. (Dkt. No. 31.) Burrell's motions will be denied.

Burrell brought this suit against anonymous defendants who were later identified as Dr. Bell, Warden Israel Hamilton, RN Grossman, RN Bennett, and LPN Dye. (Dkt. No. 17.) Burrell claims that these defendants, in addition to an unidentified "John Doe/Jane Doe Corporation," were deliberately indifferent to his serious medical needs. Burrell asserts that he was poisoned during an offsite stress test, and he disagrees with a decision declining to refer him for a toxicology test. Burrell moves for an order to "provide a medically appropriate course of toxicology testing and referral to an endoscopy for the plaintiff designed to restore and maintain the full function of his original health." (Dkt. No. 2.) He also requests an order to "arrange for the plaintiff to be examined by a qualified endoscopic specialist and to obtain from that specialist an evaluation of the condition of plaintiff's chest cavity, esophagus, and stomach to prevent internal strangulation, as well as to be examined by a qualified toxicologist for toxicology testing

to determine if plaintiff [has] been poison[ed]." (*Id.*)  Defendants have moved to dismiss.  (Dkt. No. 26.)

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008).  A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20.

Applying these standards, Burrell's motion does not satisfy any of the requirements set forth in *Winters*.  Burrell is not likely to succeed on the merits of his claims in this action.  For example, plaintiff's assertion that he should be given certain types of testing for his medical conditions amounts to disagreement with the medical judgment of his providers, which cannot state the basis for an Eighth Amendment claim.  "An inmate's disagreement with the testing and treatment he has received . . . does not rise to the level of an Eighth Amendment violation."  *Seymour v. S.W. Va. Reg'l Jail Auth.*, Case No. 7:24-cv-00377, 2025 WL 2414178, at *2 (citing *Rhinehart v. Scutt*, 894 F.3d, 721, 740 (6th Cir. 2018)).

Additionally, plaintiff has not shown that the public interest supports the issuance of a preliminary injunction.  Courts have recognized that requests for preliminary injunctive relief in the prison setting must be "viewed with great caution" because of the "complex and intractable problems of prison administration," *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995), and that "[f]ederal micromanagement of state prisons is, among other things, a recipe for poor administrative results," *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 958 (4th Cir. 1995).  Based on the circumstances presented, the court is unable to conclude that the public interest

2

would be served by interfering with security decisions before plaintiff's claims are addressed on the merits. *See Taylor v. Freeman*, 34 F.3d 266, 274 n.7 (4th Cir. 1995) (in vacating a preliminary injunction, noting that the district court failed to adequately account for "the degree to which the public interest is disserved when federal courts assume the role of state prison administrators").

Finally, while plaintiff's allegations relate to his incarceration at Keen Mountain and River North, the Virginia Inmate Locator reflects that Burrell is currently housed at Wallens Ridge State Prison. Accordingly, his request for injunctive relief appears to be moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (finding a prisoner's transfer to a different facility mooted his claim for injunctive relief and declaratory relief and collecting cases).

Accordingly, it is HEREBY ORDERED that Burrell's motion for a preliminary injunction (Dkt. Nos. 2, 15) is DENIED. The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to all counsel of record and to Burrell.

Entered: September 26, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

3